**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **MARTHA A. DOWLING, et al.,** | : | |
| | : | |
| **Plaintiffs,** | : | |
| | : | **Case No. 05-CV-00049** |
| **v.** | : | |
| | : | **JUDGE ALGENON L. MARBLEY** |
| **SELECT PORTFOLIO SERVICING,** | : | |
| **INC., et al.,** | : | **Magistrate Judge King** |
| | : | |
| **Defendants.** | : | |

## OPINION AND ORDER

### I.  INTRODUCTION

Plaintiffs Martha Dowling and Cheryl March have moved to dismiss this action without prejudice under Federal Rule of Civil Procedure 41(a).  For the reasons set forth below, the Court **GRANTS** Plaintiffs' motion and **DENIES** Defendants Select Portfolio Servicing, Inc.'s and Select Portfolio Servicing Holding Corporation's (collectively, "Select") request for reimbursement of the attorneys' fees and litigation costs they have accrued in defending this action.

### II.  FACTS AND PROCEDURAL HISTORY

Dowling and March filed this case on January 18, 2005.  In addition to Select, Dowling sued John D. Clunk, Esq. and Anthony Paisley, Esq.  March, on the other hand, sued Select and Lerner, Sampson & Rothfuss, LPA ("LSR").  Plaintiffs allege that Defendants engaged in a broad-based scheme of imposing and seeking to collect fraudulent charges and fees in connection with servicing Plaintiffs' mortgage loans.

On March 27, 2007, this Court granted Select's motion for summary judgment on March's claims. *Dowling v. Select Portfolio Servicing, Inc.*, No. 05-00049, 2007 U.S. Dist. LEXIS 26587 (S.D. Ohio Mar. 27, 2007). The remaining claims in the case, therefore, consist of March's claims against LSR and Dowling's claims against Select, Clunk, and Paisley. On May 1, 2007, Plaintiffs moved to dismiss this action without prejudice.

No defendant, except Select, opposes Plaintiffs' motion to dismiss. Select argues that it has defended this action for more than two-and-a-half years, that the parties have engaged in significant discovery, and that Select is now poised "to proceed to a resolution of the case." (Mem. Contra of [Select] to Pls.' Mot. to Dismiss Without Prejudice ("Select's Mem.") 2.) Select therefore contends that dismissing this action without prejudice will subject it to possible re-litigation of Dowling's claims in another forum, with all the duplication of effort and expense that defense of a second action entails.

Select also argues that Dowling's stated reason for seeking dismissal of this case is meritless. Dowling apparently wishes to re-file her claims in the District of Massachusetts in light of this Court's order granting summary judgment to Select on March's claims. In its summary-judgment order, the Court held that March is barred from maintaining her claims because they were conclusively resolved by the class-action settlement in *Curry v. Fairbanks Capital Corp.* (the "*Curry* Settlement"), which was presided over by the District Court for the District of Massachusetts. *Dowling*, 2007 U.S. Dist. LEXIS 26587. Select argues that Dowling does not have any claims to present to the *Curry* court because she opted-out of the *Curry* Settlement, which therefore does not apply to her.

For all of these reasons, then, Select argues that only a dismissal *with prejudice* is appropriate, and that if the Court nonetheless grants Plaintiffs' motion, Dowling should be ordered to compensate Select for "any and all costs and expenses" Select incurs in litigating a subsequently filed action.  (Select's Mem. 2.)

Dowling responds that the prospect of a second lawsuit is not sufficient to defeat her motion.  Further, Dowling argues that the litigation of her claims against Select is not so advanced as to preclude dismissal without prejudice, and that Select will be able to use the discovery and briefing it has completed in this case in a second suit.  Dowling also rejects Select's assertion that she has no viable claims to present to the *Curry* court: Dowling contends that Select undertook certain obligations in the *Curry* Settlement that extend even to non-class members and that she may wish to challenge Select's compliance with these duties, which she can only do before the *Curry* court, given that court's continuing jurisdiction over the *Curry* Settlement.

### III.  ANALYSIS

### A.  Applicable Legal Standards

Under Federal Rule of Civil Procedure 41(a), a plaintiff may dismiss an action without a court order (1) at any time prior to the defendant's filing of an answer or a motion for summary judgment, or (2) by filing a stipulation of dismissal signed by all parties who have appeared. Here, because Defendants have answered the amended complaint, this case cannot be dismissed without a court order.[1]

---

[1] Each of the Defendants has also moved for summary judgment but Select has not moved for summary judgment on Dowling's claims.

3

Whether a motion to dismiss should be granted is within the sound discretion of the district court. *Grover v. Eli Lilly and Co.*, 33 F.3d 716, 718 (6th Cir. 1994). In exercising its discretion, a district court must consider whether the defendant would suffer "plain legal prejudice" if the motion were granted. *Id.* The "mere prospect of a second lawsuit" does not amount to plain legal prejudice. *Id.* The following factors are relevant to making the plain-legal-prejudice determination: "[1] the defendant's effort and expense of preparation for trial, [2] excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, [3] insufficient explanation for the need to take a dismissal, and [4] whether a motion for summary judgment has been filed by the defendant." *Id.* These factors are not exclusive and each factor need not weigh in favor of the moving party for the court to grant dismissal. *Rosenthal v. Bridgestone/Firestone, Inc.*, 217 F. App'x 498, 502 (6th Cir. 2007) (unpublished per curiam). Ultimately, the *Grover* factors are meant to guide the district court's exercise of discretion, not prescribe an exact test. *Id.*

### B. Plaintiff March

As noted above, March's claims against Select were dismissed on summary judgment. Her remaining claims are only asserted against LSR, which has not opposed dismissal of this action without prejudice. Accordingly, the Court **GRANTS** dismissal of March's claims against LSR without prejudice.

### C. Plaintiff Dowling

Dowling asserts claims against Select, Clunk, and Paisley. Neither Clunk, nor Paisley, opposes dismissal without prejudice of Dowling's claims against them. The Court therefore **GRANTS** Dowling's motion as to her claims against Clunk and Paisley. Because Select

4

opposes Dowling's motion, the Court will first apply the *Grover* factors, and then consider
whether any conditions should attach to a dismissal without prejudice of Dowling's claims
against Select, including the payment of Select's attorneys' fees and litigation costs.

1. The *Grover* Factors

*a. Select's Effort and Expense in Litigating the Case*

The first factor—the effort and expense Select has been put to in defending this
action—weighs in favor of granting Dowling's motion.  As Dowling points out, although this
action was filed more than two-and-a-half years ago, Select's litigation of Dowling's claims has
not been as extensive as Select suggests.  Select answered the amended complaint less than a
year ago, on November 15, 2006, and Select has not filed any dispositive motions against
Dowling.  Despite the fact that the parties have exchanged discovery, Select does not argue that
the discovery process has been unusually burdensome or expensive, or that the information
Select has produced and obtained in this action will be useless in a re-filed action.  Finally, the
Court notes that Select's assertions that it will be forced to duplicate its efforts and costs to date,
should Dowling re-file her case, are vague and conclusory.  In *Wallace v. Wheeling Pittsburgh
Steel Corp.*, No. 06-610, 2007 U.S. Dist. LEXIS 44744, *5-6 (S.D. Ohio June 20, 2007), the
court rejected an identical argument, holding that the defendants had not advanced "a sufficiently
detailed 'expenditure' justification" to defeat the plaintiff's motion to dismiss without prejudice.
Neither defendant in *Wallace* provided the court with information about their accrued expenses
and only one defendant provided information about the amount of time it had devoted to the
case, and this was only an estimate.  Select has not set forth any meaningful information about its

5

time or monetary investment in this case. For these reasons, the Court finds that the first *Grover* factor militates in favor of granting Dowling's motion.

### b. Whether Dowling Has Been Dilatory in Prosecuting Her Claims

The second factor also weighs in favor of granting Dowling's motion. Select does not argue that Dowling has been dilatory, nor could it. The docket shows that Dowling successfully defended a motion to dismiss brought by Clunk and Paisley, filed an amended complaint and, by Select's own acknowledgment, has participated in discovery, including sitting for her deposition. Moreover, Dowling acted expeditiously to dismiss her claims once she concluded, after reviewing this Court's grant of summary judgment to Select on March's claims, that the *Curry* court is better situated to resolve her dispute: This Court issued its summary-judgment opinion on March 27, 2007, and Dowling moved to dismiss her claims a month later, on May 1, 2007. Accordingly, the Court finds that the second *Grover* factor favors Dowling.

### c. Dowling's Explanation in Support of Dismissal

In light of this Court's dismissal of March's claims as barred by the *Curry* Settlement, March apparently intends to re-file her case in the District of Massachusetts, which exercises continuing jurisdiction over the *Curry* Settlement. Dowling explains that she wishes to dismiss her action here "so that she may decide whether to join Ms. March in presenting claims to the *Curry* court." (Pls.' Reply Mem. In Supp. of Rule 41(a) Mot. for Voluntary Dismissal Without Prejudice 4.) As described above, Select insists that Dowling cannot assert any claims in connection with the *Curry* Settlement because she opted-out of the settlement. Dowling, on the other hand, argues that Select's duties as prescribed by the *Curry* Settlement apply even to non-

class members and that she would seek to vindicate the rights of these non-class members in the *Curry* court.

This Court does not express any opinion as to whether Dowling has any claims related to the *Curry* settlement entitling her to relief.  Determining the viability and merits of any such claims is best left to the *Curry* court, assuming, of course, that Dowling elects to file a case there. Because Dowling is responding constructively to this Court's summary-judgment order—which made it clear that the *Curry* court is the proper forum for raising claims in connection with the *Curry* settlement—and is not attempting to evade this Court's orders or gain a tactical advantage by re-filing her claims in another jurisdiction, the Court is satisfied that the third *Grover* factor favors Dowling.

### d.  Whether Select Has Filed a Motion for Summary Judgment

Select has not moved for summary judgment on Dowling's claims.  This factor therefore weighs in favor of granting Dowling's motion to dismiss without prejudice.

Because the Court concludes that all four *Grover* factors support Dowling, the Court **GRANTS** Plaintiffs' motion to dismiss this action without prejudice.

### 2.  Reimbursement of Select's Fees and Expenses

Determining that a dismissal without prejudice is warranted here does not put an end to matters.  Select asks the Court to require Dowling to pay for "any and all costs and expenses incurred by Select in having to duplicate the effort of defending itself in a re-filed lawsuit." (Select's Mem. 2.)  Select cites only Rule 41(d) in support of its request for reimbursement, but Rule 41(d) is inapposite because it applies only if a plaintiff re-files a previously dismissed action, and asserts in the second action the same claim(s) against the defendant as were asserted

in the first action.[2]  *See* James Wm. Moore et al., *Moore's Federal Practice* ¶ 41.70 (3d ed. 2006)

(stating that "Rule 41(d) does not permit an award of costs unless a second action has been

commenced").  In *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000), for

example, the Rule 41(d) order under review was issued by the district court in which the plaintiff

re-filed her action, not the court which dismissed the original action.

Since Dowling has not filed a second suit raising the same claims against Select as she

brings in this action, Rule 41(d) does not provide a basis for ordering her to pay Select its

litigation costs.[3]  However, Rule 41(a)(2) authorizes a district court to grant a motion to dismiss

"upon such terms and conditions as the court deems proper."  One such term or condition that a

district court may impose when a case is dismissed without prejudice is payment of the non-

movant's attorneys' fees and litigation costs.  *See* Moore's Federal Practice at ¶ 41.70

(explaining that "costs may not be imposed under Rule 41(d) as a condition of dismissing the

first action, although such costs may be available as a term or condition of dismissal under Rule

41(a)(2)"); *Massey v. City of Ferndale*, No. 96-1386, 1997 U.S. App. LEXIS 14837, *7-9 (6th

Cir. 1997) (unpublished per curiam).  The purpose of discretionary grants of fees and costs is to

"compensate the defendant for expenses in preparing for trial in [] light of the fact that a new

action may be brought in another forum."  *Id.* at *8 (quoting *Smoot v. Fox*, 353 F.2d 830, 833

---

[2]Rule 41(d) provides that "[i]f a plaintiff who has once dismissed an action in any court commences an action based upon or including the same claim against the same defendant, the court may make such order for the payment of costs of the action previously dismissed as it may deem proper . . . ."

[3]Even if Rule 41(d) were applicable and this Court were inclined to make a Rule 41(d) award, Select would be limited to receiving only its litigation costs because the Sixth Circuit has held that attorneys' fees are not available under this provision.  *See Rogers*, 230 F.3d at 874.

8

(6th Cir. 1965)). Among the factors that courts in this Circuit have considered in assessing whether to award a defendant fees and costs under Rule 41(a)(2) are (1) whether the plaintiff acted in good faith in bringing and prosecuting the litigation, *see e.g., Wallace*, 2007 U.S. Dist. LEXIS 44744, at \*10-11; (2) whether the defendant incurred substantial expenses in defending the action, including as a result of the advanced stage of the proceedings or the nature of the litigation, *see e.g., Luckey v. Butler County*, No. 05-388, 2006 U.S. Dist. LEXIS 3361, \*15-16 (S.D. Ohio Jan. 13, 2006); (3) whether the plaintiff delayed in bringing the motion to dismiss, *see e.g., Vaughn v. Alternative Design Mfg. & Supply, Inc.*, No. 06-456, 2007 U.S. Dist. LEXIS 5178, \*9 (E.D. Ky. Jan. 24, 2007); and (4) whether the work performed can be used in a subsequently filed action, *see e.g., id.*

The Court declines to order Dowling to reimburse Select for its attorneys' fees and litigation costs. There is no evidence that Dowling has prosecuted this case in bad faith, that her motive in seeking dismissal is to impose costs on Select or otherwise prejudice Select, nor is Dowling motivated by a desire to obtain a tactical advantage in another forum. Next, Select has not made any showing with respect to the expenses it has incurred to date and, as described above, the proceedings are not far advanced. Furthermore, Dowling did not delay in filing her motion to dismiss, but did so just a month after this Court issued its summary-judgment order disposing of March's claims against Select. Finally, Select does not dispute that its work in this case will be transferable to a prospective suit in the District of Massachusetts.

9

## IV.  CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiffs' motion to dismiss this action without prejudice and **DENIES** Select's request for an award of attorneys' fees and litigation costs.

**IT IS SO ORDERED.**

    **s/Algenon L. Marbley**
**ALGENON L. MARBLEY**
**United States District Court Judge**

**DATED: September 25, 2007**

10